******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## REINALD E. THOMA, TRUSTEE
### *v.* DAVID WATSON ET AL.
### (AC 46307)

Elgo, Clark and Westbrook, Js.

*Syllabus*

The plaintiff appealed from the judgment of the trial court for the defendants on the plaintiff's claim of adverse possession. The plaintiff claimed, inter alia, that the trial court improperly raised the issue of permissive use of the disputed property sua sponte despite the defendant W's failure to raise it by way of a special defense. *Held*:

W was not required under the facts of this case to raise permissive use or consent as a special defense, as W's answer denying that the plaintiff's use was hostile and leaving the plaintiff to his proof, together with the fact that the complaint alleged facts suggestive of some cotenancy or familial relationship between the parties, sufficiently put the plaintiff on notice that permissive use, as a matter of law, was a potential issue to overcome.

The trial court's sua sponte posttrial inquiry into the issue of permissive use was a proper exercise of judicial discretion.

The trial court did not apply an incorrect legal standard when it considered whether the plaintiff had demonstrated that he affirmatively undertook to dispossess, extinguish or steal another's property rights because, in an action in which the plaintiff and W shared some ownership rights in the subject property, the party seeking to establish adverse possession must show that their intent to disseize was clear and unmistakable.

The trial court did not erroneously find that the plaintiff failed to prove his case by clear and convincing evidence.

The trial court did not improperly fail to comply with the statute (§ 47-31) governing actions to quiet title by not making findings pursuant to § 47-31 (f) regarding the precise nature of the parties' respective interests in the disputed parcel, the court only having been required to affirmatively adjudicate the dispute of the parties as it had been presented to the court and on the basis of the evidence presented.

Argued May 16—officially released October 8, 2024

*Procedural History*

Action seeking, inter alia, a declaratory judgment determining the rights of the parties to a certain parcel of real property, and for other relief, brought to the

Superior Court in the judicial district of New London, where the matter was tried to the court, *Jacobs, J.*; judgment for the defendants, from which the plaintiff appealed to this court. *Affirmed.*

*Timothy D. Bleasdale*, for the appellant (plaintiff).

*Victoria S. Mueller*, with whom were *Thomas J. Londregan* and *Mathew H. Greene*, for the appellee (named defendant).

*Opinion*

WESTBROOK, J. The plaintiff, Reinald E. Thoma, as trustee of the Reinald E. Thoma Revocable Trust (trust), appeals following a trial to the court from the judgment rendered in favor of the defendant David Watson[1] on the plaintiff's claim of adverse possession. On appeal, the plaintiff claims that the court (1) made several errors related to the issue of permissive use of the disputed property, including improperly raising that issue sua sponte after the close of evidence despite the defendant's failure to raise it by way of special defense; (2) made additional errors "concerning issues of intent, motive, and subjective understanding"; (3) erroneously found that the plaintiff had failed to prove his case by clear and convincing evidence; and (4) failed to comply with General Statutes § 47-31 (f)[2] by not determining

---

[1] Throughout this opinion, we refer to Reinald E. Thoma as the plaintiff when he is acting in his capacity as trustee of the trust and as Reinald when he is acting in his individual capacity.

In the complaint, the plaintiff named the unidentified "heirs of Florence B. Stimpson" as additional defendants. David Watson, however, is the only defendant who appeared before the trial court and is the only defendant participating in this appeal. Accordingly, any reference to the defendant in this opinion is to David Watson only.

[2] General Statutes § 47-31 governs quiet title actions and subsection (f) provides that "[t]he court shall hear the several claims and determine the rights of the parties, whether derived from deeds, wills or other instruments or sources of title, and may determine the construction of the same, and render judgment determining the questions and disputes and quieting and settling the title to the property."

the parties' respective interests in the disputed property. We disagree with the plaintiff's claims and, accordingly, affirm the judgment of the trial court.[3]

The following facts, which either were found by the court or are undisputed, and procedural history are relevant to our disposition of the plaintiff's appeal. The subject property is located on Long Pond Road in Ledyard. It originally was part of an undivided lot. On December 10, 1945, the owner of the undivided lot, Florence P. Stimpson, conveyed a remainder interest in a portion of the lot (front parcel) to the defendant and his sister, Lucille P. Watson (Lucille), reserving a life estate for herself. From December 10, 1945, until her death, the remainder of the lot (back parcel) was owned by Stimpson. Following her death, title to the back parcel passed to the heirs of her estate, which included the defendant and Lucille.[4] It is the back parcel that is at issue in this matter.

On May 8, 1991, the defendant conveyed all his interest in the front parcel to Lucille, who, at that time, was married and went by the name of Lucille Thoma.[5] On September 28, 2012, she conveyed her interests in the front and back parcels to her husband, Reinald Thoma, in his individual capacity. Reinald, on May 3, 2013, conveyed the same back to Lucille, who, on November 18, 2013, conveyed them to the plaintiff as trustee of the trust.

Reinald always regarded the back parcel as his "backyard" and used it as if it were his own. During his marriage

---

[3] Given our disposition of the plaintiff's claims, it is unnecessary to address the alternative grounds for affirmance raised by the defendant.

[4] Although it is not clear from the record how title to the back parcel passed to the heirs, whether by will or the laws of intestacy, no evidence was presented that title had passed to anyone other than Stimpson's heirs, and neither side advanced a contrary argument before the trial court.

[5] The record shows that Lucille married Reinald in May, 1963, and they remained married until Lucille's death in December, 2017.

to Lucille, Reinald installed a well in the back parcel to serve the front parcel. He also installed a septic system on the back parcel, cleared brush for the well drillers, planted grass seed, and cut down trees. Sometime between 2015 and 2016, he installed a fence on the back parcel. Reinald also has insured and paid property taxes for the back parcel. The only access to the back parcel is through the front parcel.

The plaintiff commenced the underlying action in May, 2021. In the operative amended complaint, the plaintiff alleged that he, together with his predecessors in title, had used and possessed the back parcel for more than fifteen years and that such use and possession was "open, visible, notorious, adverse, exclusive, continuous, and uninterrupted . . . ."[6] He claimed that, through such use and possession, the plaintiff obtained sole and exclusive title to the back parcel by adverse possession.

The defendant filed an answer in which he admitted some of the allegations but denied or left the plaintiff to his proof on others.[7] In particular, the defendant denied the allegation in the complaint that the use and possession of the back parcel by the plaintiff and his

---

[6] We note that, pursuant to the doctrine of "tacking," a period of adverse possession by a predecessor in title may be added onto a successive period of adverse possession by the claimant to meet the fifteen year requirement. See *McBurney* v. *Cirillo*, 276 Conn. 782, 813, 889 A.2d 759 (2006), overruled on other grounds by *Batte-Holmgren* v. *Commissioner of Public Health*, 281 Conn. 277, 914 A.2d 996 (2007). Because the plaintiff had only acquired his interest in the front parcel as of November, 2013, fewer than nine years prior to bringing this adverse possession action, he needed to "tack" the adverse possession by his predecessors in title to satisfy the fifteen year statutory period.

[7] Although the defendant did not file an amended answer after the filing of the operative amended complaint, the earlier answer remains applicable, and we may construe it as such to the extent possible. See Practice Book § 10-61 ("[i]f the adverse party fails to plead further [following an amended pleading], pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading").

predecessors in title had been open, visible, notorious, adverse, exclusive, continuous, and uninterrupted. The defendant did not assert any special defenses.

The court, *Jacobs, J.*, conducted a one day bench trial on October 13, 2022. The plaintiff presented testimony from Reinald regarding his use of the back parcel and from Sharon Banker, a title searcher and paralegal, regarding the chain of title. The defendant's counsel did not cross-examine the plaintiff's witnesses and offered only the defendant's own testimony during the defendant's case-in-chief. The court did not request, nor did the parties provide, pretrial or posttrial briefs.

On October 17, 2022, a few days after the close of evidence and prior to rendering a decision in the matter, the court issued an order asking the parties to appear and to be prepared to address the following questions: "1. If [the defendant] and [Lucille] were siblings, and [the defendant] is an heir of the estate of Florence Stimpson, wouldn't that also make [Lucille] an heir of the estate of Florence Stimpson? 2. If so, wouldn't that make [Lucille's] use of the back portion of the property permissive? And if so, and given that her date of death, while not in evidence, occurred sometime between November 18, 2013, and the present, wouldn't that avoid the claim of continuous hostile use of the back portion for fifteen years?"

The parties appeared on November 1, 2022, and presented oral argument in response to the court's questions. During the hearing, counsel for the plaintiff confirmed that Lucille and the defendant were siblings and that both are heirs of Stimpson. Regarding the issue of permissive use, the plaintiff's counsel argued that the plaintiff had presented clear and convincing evidence that "Lucille and her subsequent predecessors in title held [the back parcel] adversely to the heirs" and that this evidence was sufficient to rebut any presumption

of permissive use. The defendant's counsel disagreed, arguing that Lucille's use was presumptively permissive as there was no evidence "that she had the specific intent to take the property from the other heirs." Neither party raised any objection to the additional posttrial proceedings, asked the court to open the evidence, or sought to admit any additional evidence.

On November 4, 2022, the court issued a short memorandum of decision in which it found that the plaintiff had failed to establish his claim of adverse possession by clear and convincing evidence. The court's legal analysis is limited to the following single paragraph: "The plaintiff's claim of adverse possession is doomed by the simple fact that [Lucille], as an heir of the estate of Florence P. Stimpson, had, from the time of [Stimpson's] death, permission to use, and at times an ownership interest in, the back parcel. That [Reinald] honestly supposed the back parcel to be his 'backyard' does not evince an intent to dispossess [Lucille's] kin of their right to share in its use. But even more fundamentally: that Lucille and [Reinald] were related to the other owners of the back parcel creates a presumption that their use of that parcel was permissive. The plaintiff failed to rebut that presumption, *let alone prove* [*his*] *case by clear and positive proof*." (Emphasis added; footnote omitted.)

On December 22, 2022, the plaintiff filed a motion to reargue claiming, inter alia, that the judgment included "[e]rrors concerning the law, findings of fact, and analysis relating [to] the issue of permissive use of the disputed parcel." The court denied the motion without comment on February 15, 2023. This appeal followed.

After filing the appeal, the plaintiff filed a motion for articulation. First, the plaintiff noted that the memorandum of decision stated that " 'judgment is entered for the defendant,' " singular, and asked the trial court to

articulate whether it had intended to render judgment for all defendants. Second, to the extent that the court concluded that there was shared ownership of the back parcel, the plaintiff requested that the court articulate specific findings regarding the parties' respective property interests to effectively quiet title. The court held a hearing on July 6, 2023, and subsequently granted the motion for articulation, stating the following: "Judgment is hereby rendered for the defendants. The state of the title shall remain as is." The plaintiff did not seek any further articulation from the trial court, nor did he move this court for review of the trial court's articulation pursuant to Practice Book § 66-7.

On appeal, the plaintiff claims that the court (1) made several errors related to the issue of permissive use, including raising that issue sua sponte despite the defendant failing to affirmatively plead it as a special defense; (2) made additional errors "concerning issues of intent, motive, and subjective understanding"; (3) erroneously found that the plaintiff had failed to prove his case by clear and convincing evidence; and (4) failed to comply with § 47-31 (f) by not determining the parties' respective interests in the disputed parcel. For the reasons that follow, we disagree with the plaintiff that the defendant was required to specially plead permission as an affirmative defense or that, under the circumstances, it was improper for the court to have inquired further regarding that issue following the close of evidence. Finally, we reject the remainder of the plaintiff's claims and conclude that the plaintiff has failed to demonstrate that the court's dispositive finding—that the plaintiff failed to prove its case "by clear and positive proof"— was clearly erroneous.

Before turning to the plaintiff's claims, we begin by setting forth general principles of law that guide our review of decisions concerning a claim of adverse pos-

session. "[If] title is claimed by adverse possession, *the burden of proof is on the claimant. . . .* The essential elements of adverse possession are that the owner shall be ousted from possession and kept out uninterruptedly for fifteen years under a claim of right by an open, visible and exclusive possession of the claimant *without license or consent of the owner. . . .* The use is not exclusive if the adverse user merely shares dominion over the property with other users. . . . [Adverse] possession is not to be made out by inference, but by clear and positive proof. *. . . In the final analysis, whether possession is adverse is a question of fact for the trier. . . .* The doctrine of adverse possession is to be taken strictly. . . .

"Clear and convincing proof of the elements of an adverse possession claim is an exacting standard . . . that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained *if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true . . . .* In evaluating a claim of adverse possession under that demanding standard, [e]very presumption is in favor of possession in subordination to the title of the true owner." (Citations omitted; emphasis added; footnote omitted; internal quotation marks omitted.) *Mulvey* v. *Palo*, 226 Conn. App. 495, 500–502, 319 A.3d 211 (2024), petition for cert. filed (Conn. July 19, 2024) (No. 240124). "[T]he question of whether the elements of an adverse possession claim have been established by clear and convincing evidence is a factual one subject to the clearly erroneous standard of review." (Internal quotation marks omitted.) Id., 503. "The demanding burden placed on a party claiming adverse possession of the property of another reflects the fact that such actions are disfavored." Id., 502. With these

general principles in mind, we turn to the plaintiff's claims.

I

We first address the plaintiff's claim that the court made multiple errors regarding the issue of permissive use. The plaintiff argues that permissive use must always be raised by way of special defense and, because the defendant failed to do so in this case, it was improper for the court to have raised it sua sponte, particularly after the close of evidence. The plaintiff also argues that the court misapplied the law regarding permissive use and impermissibly shifted the burden of proof on that issue to the plaintiff. For the reasons that follow, we reject the plaintiff's claim.

The issue of permissive use is highly relevant in adverse possession cases because the use or possession of property by permission of a title holder is, by definition, not hostile and cannot support a finding of adverse possession. As previously stated, to establish title by adverse possession, a claimant always has the very heavy burden of demonstrating by clear and convincing evidence that its alleged use and/or possession of the subject property was without the consent or permission of the owner. See *O'Connor* v. *Larocque*, 302 Conn. 562, 581, 31 A.3d 1 (2011).

As our Supreme Court has explained, establishing this burden is particularly difficult in cases in which a party is seeking to establish adverse possession against a cotenant, i.e., a party holding a shared possessory interest in the property. Id. "In cases involving claims by one cotenant against another, we have added to [the already] heavy burden by applying a presumption against adverse possession. The rationale for this presumption is that, in view of the undivided interest held by cotenants . . . possession taken by one is ordinarily considered to be the possession by all and not adverse

to any cotenant. . . . In other words, the presumption is based on a recognition that one cotenant's possession is not necessarily inconsistent with the title of the others."[8] (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 581–82.

Moreover, "[a]lthough the presumption may be overcome in certain circumstances, it is not easily done. [A] cotenant claiming adversely to other cotenants must show actions of such an unequivocal nature and so distinctly hostile to the rights of the other cotenants that the intention to disseize is clear and unmistakable. . . . Not only must an actual intent to exclude others be demonstrated . . . but there also must be proof of an ouster and exclusive possession so openly and notoriously hostile that the cotenant will have notice of the adverse claim." (Citations omitted; emphasis omitted; internal quotation marks omitted.) Id., 582. Courts have employed a similar rebuttable presumption of permissive use in cases involving family members or other close relations. See *Woodhouse* v. *McKee*, 90 Conn. App. 662, 673, 879 A.2d 486 (2005) ("In determining what

[8] "Permissive possession is not hostile or adverse and will not support an adverse possession claim [because] permissive possession is not considered to be the possession of the occupant but rather the possession of the party on whose pleasure the permissive possession depends." (Footnote omitted.) 3 Am. Jur. 2d 129–30, Adverse Possession § 44 (2023). With a cotenancy, "[t]he general principle is that there is a relation of trust between cotenants, each having an equal right of entry and possession. Thus, every cotenant has the right to enter into and occupy the common property and every part thereof provided in so doing, the cotenant does not exclude fellow cotenants or otherwise deny them some right to which they are entitled as cotenants; and the other tenants, on their part, may safely assume, until something occurs of which they must take notice, and which indicates the contrary, that the possession taken is held as a cotenant and is, in law, the possession of all cotenants. . . . In the absence of facts showing that one cotenant in sole possession holds such possession in opposition to the rights of other cotenants, the occupancy will be presumed to be that of a cotenant, and it is further presumed that one tenant in common holds property for the benefit of the others." (Footnotes omitted.) Id., § 190, pp. 249–50.

amounts to hostility, the relation that the adverse possessor occupies with reference to the owner is important. If the parties are strangers and the possession is open and notorious, it may be deemed to be hostile. However if the parties are related, there may be a presumption that the use is permissive." (Internal quotation marks omitted.)).[9]

Whether the defendant was obligated to plead permissive use of the subject property as a special defense to the plaintiff's adverse possession claim is a question of law over which our review is plenary. See *Howard-Arnold, Inc.* v. *T.N.T. Realty, Inc.*, 145 Conn. App. 696, 711, 77 A.3d 165 (2013), aff'd, 315 Conn. 596, 109 A.3d 473 (2015); see also *Beckenstein Enterprises-Prestige Park, LLC* v. *Keller*, 115 Conn. App. 680, 689–90, 974 A.2d 764, cert. denied, 293 Conn. 916, 979 A.2d 488 (2009). Our rules of practice provide in relevant part that "[t]he defendant in the answer shall specially deny such allegations of the complaint as the defendant intends to controvert, admitting the truth of the other allegations, unless the defendant intends in good faith to controvert all the allegations, in which case he or she may deny them generally. . . ." Practice Book § 10-46. As a general rule, a defendant must plead facts by way of special defense only if "they are *consistent* with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Emphasis added; internal quotation marks omitted.) *Silver Hill Hospital, Inc.* v. *Kessler*, 200 Conn. App. 742, 750, 240 A.3d 740 (2020); see also Practice Book § 10-50.[10] "The fundamental purpose of a special defense,

[9] Both presumptions seem to be implicated under the facts of this case. The plaintiff contends on the basis of arguably imprecise or contradictory language in the court's memorandum of decision that the court conflated the two presumptions. We decline to read such ambiguity in the court's analysis as providing a basis for overturning the court's decision. See part III of this opinion.

[10] Practice Book § 10-50 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements

like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." *Bennett* v. *Automobile Ins. Co. of Hartford*, 230 Conn. 795, 802, 646 A.2d 806 (1994).

We now turn to the present case. The plaintiff argues that the court raised the issue of permissive use for the very first time, sua sponte, after the close of evidence and that he was prejudiced because that procedure prevented him from conducting discovery on the issue and presenting evidence to rebut a permission defense. He contends that the reason that the court should not have considered the defense goes directly to a basic sense of fair play embodied in our pleading and discovery rules and that the court's denial of his adverse possession claim based on an unpleaded special defense amounted to a "trial by ambuscade to the detriment of [him]." (Internal quotation marks omitted.) *Jo-Ann Stores, Inc.* v. *Property Operating Co., LLC*, 91 Conn. App. 179, 199, 880 A.2d 945 (2005); see also *Howard-Arnold, Inc.* v. *T.N.T. Realty, Inc.*, supra, 145 Conn. App. 712 ("it is improper for a court, sua sponte, to apply an unpleaded special defense to defeat a plaintiff's cause of action"). The defendant, on the other hand, argues that Practice Book § 10-50, which contains our rules of practice governing denials and special defenses, is not directly applicable and that "the plaintiff [pleaded] facts to substantiate the cotenant/familial relationship, and thus the added burden of proof was

---

of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the statute of limitations and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be the plaintiff's own."

apparent in the pleadings.'' We agree with the defendant that permissive use is not a defense that must be specially pleaded.

In asserting that permissive use must be specially pleaded, the plaintiff principally directs this court's attention to our Supreme Court's decision in *Slack* v. *Greene*, 294 Conn. 418, 984 A.2d 734 (2009). In *Slack*, the defendant appealed from a judgment finding that the plaintiff had established the existence of a prescriptive easement[11] over a paved right-of-way located on the defendant's property for purposes of ingress to and egress from her home. Id., 419–20. Among other things, the defendant claimed on appeal that there was insufficient evidence to support the trial court's finding that the plaintiff's use of the right-of-way was adverse to the couple who owned the property ''because the plaintiff did not specifically mention the [couple] in her testimony, and because no other evidence about them was adduced at trial, [and thus] the trial court could not determine whether the plaintiff's use of the right-of-way was adverse to their interests, or whether, instead, they had given the plaintiff permission to use it.'' Id., 433. In rejecting the defendant's claims, our Supreme Court observed that, despite having alleged by way of special defense that the plaintiff ''had permission to use the right-of-way from previous owners of the property''; (internal quotation marks omitted) id., 435 n.8; the defendant had presented no evidence to support that assertion. Id., 435. It explained that ''the trial court reasonably could have inferred that the [couple] had not given the plaintiff permission to use the right-of-way by virtue of the fact that the record is devoid of

---

[11] Although *Slack* and the cases to which it cites involved claims of prescriptive easements, ''[t]he legal principles governing a claim for a prescriptive easement are similar . . . to those governing claims of adverse possession.'' *Viering* v. *Groton Long Point Assn.*, *Inc.*, 223 Conn. App. 849, 868, 311 A.3d 215, cert. denied, 349 Conn. 901, 312 A.3d 586 (2024).

any indication that such permission had been given." Id. It further explained that "[i]t is not the plaintiff's burden to establish that an *otherwise apparently adverse use* of the defendant's property was conducted without the defendant's permission or license. . . . [If] the defendant raises permission by way of a special or affirmative defense, the burden of proof rests on the defendant . . . who must prove the special defense by a fair preponderance of the evidence. . . . Indeed, a contrary rule would unfairly charge a party with proving a negative." (Citation omitted; emphasis added; footnote omitted; internal quotation marks omitted.) Id.

The plaintiff argues that our Supreme Court's discussion in *Slack* establishes that permissive use *must* be specially pleaded and, thus, the defendant in the present case was required to plead permission as a special defense to the adverse possession claim in order for the court to have relied on permissive use as a basis for ruling in favor of the defendant. We do not agree with the plaintiff's reading of *Slack*.

In *Slack*, the issue of whether permissive use is an affirmative defense or must be specially pleaded was not before the court. The court in *Slack* held that "[i]t is not the plaintiff's burden to establish that an *otherwise apparently adverse use* of the defendant's property was conducted without the defendant's permission or license." (Emphasis added; internal quotation marks omitted.) Id. The court went on to explain that *if* a defendant chooses to raise permission vis-à-vis a special or affirmative defense, then "the burden of proof rests on the defendant . . . who must prove the special defense . . . ." (Internal quotation marks omitted.) Id. The court also observed that generally requiring a plaintiff to prove that it did not have permission to use the subject property in a case in which there was nothing in the pleadings or record suggesting the alleged use was anything other than adverse "would unfairly charge

[the plaintiff] with proving a negative." (Internal quotation marks omitted.) Id.

We read *Slack* as standing for the proposition that, if the use of the disputed property as alleged by a plaintiff in support of its claim is "otherwise apparently adverse," a trier of fact reasonably may infer that such use was also done without permission. We construe the court's use of the term "otherwise apparently adverse" to mean there are no allegations in the pleadings or evidence adduced at trial that could raise a contrary inference. Moreover, *Slack* notes that whenever a defendant *elects* to plead facts via special defense that, if proven, would support a finding of consent or permissive use, the defendant assumes the burden of proof with respect to those facts. Cf. *Janow* v. *Ansonia*, 11 Conn. App. 1, 8, 525 A.2d 966 (1987) (defendant who voluntarily alleges fact that could be proven under simple denial may assume burden of proof, although plaintiff is still bound to prove essential allegations of complaint), citing *Coogan* v. *Lynch*, 88 Conn. 114, 116, 89 A. 906 (1914).

Permissive use, however, is not *consistent with* the allegations of an adverse possession complaint. A plaintiff claiming adverse possession must allege that the use or possession of the subject property was done in a manner adverse or hostile to the interest of the title owner. Permissive use stands in direct contradiction to that essential element of adverse possession. Accordingly, permissive use is not properly viewed as an affirmative defense that *must* be specially pleaded under our rules of practice. Rather, a general denial of the allegations in the complaint seeking to establish the hostility element of adverse possession ordinarily will be enough to permit a defendant to demonstrate permissive use through evidence adduced at trial.[12] See *Silver*

---

[12] Although our case law reflects other instances in which defendants have elected to plead permission as a special defense to adverse possession, none holds that a defendant *must* do so in every case, nor do they suggest that

*Hill Hospital, Inc.* v. *Kessler*, supra, 200 Conn. App. 750 (if party disputes material fact by way of general denial, party "may introduce affirmative evidence tending to establish a set of facts inconsistent with the existence of the disputed fact").

The plaintiff suggests that a rule requiring the defendant to plead permissive use would alert a plaintiff that it may need to produce its own evidence either refuting a defendant's claim of permission or proving that such permission was repudiated through some clear and unequivocal act. We disagree. In the present case, by alleging adverse possession, the plaintiff necessarily assumed the burden of proving that his possession of the property was hostile, i.e., without permission. Moreover, the defendant's answer denying that the use was hostile and leaving the plaintiff to his proof, coupled with the fact that the complaint itself alleged facts suggestive of some cotenancy or familial relationship between the parties, sufficiently put the plaintiff on notice that permissive use, as a matter of law, was a potential issue to overcome in this case.

In short, we conclude that the defendant was not required under the facts of this case to raise permissive use or consent as a special defense. We turn then to the plaintiff's related argument that the court improperly

the failure to plead permissive use bars its consideration at trial. See, e.g., *Dowling* v. *Heirs of Bond*, 345 Conn. 119, 132, 282 A.3d 1201 (2022) ("[t]he defendant . . . raised the following special defenses . . . (3) the plaintiff's use of the parcel *was permissive*" (emphasis added)); *Brander* v. *Stoddard*, Superior Court, judicial district of Litchfield, Docket No. CV-13-6008351-S (August 6, 2015) (reprinted at 173 Conn. App. 732, 733, 164 A.3d 892) ("[t]he defendants filed . . . an amended answer and special defenses on February 13, 2015, alleging that the plaintiff's use of the property was *with the permission* of the owners" (emphasis added)), aff'd, 173 Conn. App. 730, 164 A.3d 889, cert. denied, 327 Conn. 928, 171 A.3d 456 (2017); *Woodhouse* v. *McKee*, supra, 90 Conn. App. 665 ("[i]n the special defenses, [the defendant] claimed that the plaintiffs' use of the disputed parcel *was consensual*" (emphasis added)).

raised the issue of permission sua sponte after the close of evidence. We are not convinced that the court's actions here amounted to reversible error.

"When litigation raises difficult questions of law, a trial court is well-advised to request briefs and to defer its written decision until such time as the court has had the opportunity to deliberate and to reach a thoughtful, reasoned conclusion." *Frank* v. *Streeter*, 192 Conn. 601, 605, 472 A.2d 1281 (1984). Accordingly, it is entirely appropriate for a trial court, following a bench trial, to request additional briefing if necessary to fulfill its duty to the due administration of justice. Additionally, "[a] court, in the interest of justice, after the close of evidence, may exercise its discretion to open the case for the purpose of permitting the introduction of additional evidence." *Statewide Grievance Committee* v. *Ankerman*, 74 Conn. App. 464, 470, 812 A.2d 169, cert. denied, 263 Conn. 911, 821 A.2d 767 (2003). This is particularly so if there is "a dearth of evidence to assist the court in reaching an appropriate disposition." (Internal quotation marks omitted.) Id., 471.

Here, the court did not explicitly state that it was opening the evidence but rather appears only to have sought clarification and additional argument from the parties regarding the facts and issues already before it. As we have previously discussed, the record before the court indicated that the parties shared some ownership interest in the disputed property which, by implication, raised the issue of whether there was a presumption of permissive use that the plaintiff needed to overcome. Moreover, the plaintiff's suggestion that the court raised the issue of permissive use for the first time sua sponte is belied by our review of the trial transcript. On direct examination about his use of the back parcel, counsel for the plaintiff asked Reinald the following question: "And you never had permission from anyone to use it?" This question demonstrates that the plaintiff was

cognizant that permissive use was potentially at issue in this case.

Finally, nothing in the court's request to the parties precluded either party from asking the court formally to open the evidence if they believed that responding to the court's posttrial inquiries required the presentation of additional testimony or other evidence. As we have already indicated, the issue of whether the plaintiff had proven by clear and convincing evidence that its use of the subject property was adverse rather than permissive was an issue that was raised by necessary implication from the pleadings and evidence at trial and, thus, was properly before the court to decide in its role as the trier of fact. We are persuaded that the court's posttrial inquiry in the present matter was a proper exercise of judicial discretion and not, as the plaintiff argues, reversible error.

## II

The plaintiff next claims that the court made additional errors "concerning issues of intent, motive, and subjective understanding," thereby demonstrating that the court applied an incorrect legal standard. We disagree.

We construe the plaintiff's claim as challenging whether the court applied an incorrect legal standard, which also requires us to interpret the decision rendered by the court, both of which invoke our plenary review. See *In re Paulo T.*, 213 Conn. App. 858, 867, 279 A.3d 766 (2022), aff'd, 347 Conn. 311, 297 A.3d 194 (2023). The plaintiff's claim focuses on the court's statement in its memorandum of decision that the plaintiff's purported use of the back parcel did not "evince an intent to dispossess [Lucille's] kin of their right to share in its use." The plaintiff argues that, ordinarily, a party seeking to establish that it has acquired title by adverse

possession has no obligation to demonstrate any particular motive or purposeful intent behind its use of the subject property. In other words, there is no need to prove that it affirmatively undertook to dispossess, extinguish or steal another's property rights. The plaintiff, however, acknowledges in his brief that, in an action in which the plaintiff and the defendant share some ownership rights in the subject property, the law requires the party seeking to establish adverse possession over the other to show "actions of such an unequivocal nature and so distinctly hostile . . . that *the intention to disseize* is clear and unmistakable." (Emphasis added; internal quotation marks omitted.) *O'Connor* v. *Larocque*, supra, 302 Conn. 582. This is the standard that the court appears to have been referencing in the previously quoted statement. Despite the plaintiff's arguments to the contrary, we are unconvinced from our review of the court's decision that it applied an incorrect legal standard; accordingly, we reject this claim.

## III

The plaintiff also claims that the court erroneously found that the plaintiff had failed to prove its case by clear and convincing evidence. We disagree.

"This court will neither speculate with regard to the rationale underlying the court's decision nor, in the absence of a record that demonstrates that error exists, presume that the court acted erroneously. . . . It is well settled that [we] do not presume error; the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden [of] demonstrating the contrary. . . . [If] the record can be read to support [a] court's conclusion that the plaintiff failed to meet his burden, the plaintiff has failed to demonstrate that the court erred." (Citations omitted; internal quotation marks

omitted.) *White* v. *Latimer Point Condominium Assn., Inc.*, 191 Conn. App. 767, 780–81, 216 A.3d 830 (2019).

Here, the court reasonably could infer from the evidence presented and the admissions of the parties during argument before the court that both the defendant and Lucille were heirs of Stimpson and, as such, each had acquired some ownership interest in the back parcel following her death. The court's decision is not a model of clarity as it can be read to conflate a presumption of permissive use based on a familial relationship between the parties with the presumption of permission arising from a cotenant's equal right of entry and possession to co-owned property. As previously explained, however, after the close of evidence, the court issued its order asking the parties to appear and clarify certain issues.

The court's first question sought clarification regarding the relationship between the defendant and Lucille for the purpose of establishing whether, as Stimpson's heirs, they became cotenants of the back parcel after Stimpson's death. As we have discussed, the issue of cotenancy is critical in an adverse possession case because there is a "presumption against adverse possession" whenever one cotenant brings a claim against another. (Emphasis omitted.) *O'Connor* v. *Larocque,* supra, 302 Conn. 581. In such an instance, "[a] cotenant claiming adversely to other cotenants must show actions of such an unequivocal nature and so distinctly hostile to the rights of the other cotenants that the intention to disseize is clear and unmistakable." (Internal quotation marks omitted.) Id., 582. Overcoming this presumption, our Supreme Court has said, "is not easily done." Id.

In light of the court's questions, it is reasonable to construe the court's decision as having followed this analytical pathway in concluding that the plaintiff had

not proven its case by clear and convincing proof. In setting forth the elements of an adverse possession claim, the court cited to *O'Connor* v. *Larocque*, supra, 302 Conn. 562, the leading cotenancy case in Connecticut. Although the court made no express findings concerning the existence of a cotenancy, the court as the trier of fact reasonably could have inferred cotenancy from the evidence before it and thus the existence of a presumption against adverse possession. Although it is true that the court commingles references to the familial relationship of the parties, we are not convinced that such reference undermines the fact that the court also recognized the parties' cotenancy as a basis for a presumption of permissive use, one that the court as the trier of fact determined the plaintiff failed to rebut by clear and convincing proof.

Additionally, and perhaps more importantly, the court stated in its decision that "[t]he plaintiff failed to rebut [a] presumption [of permissive use], *let alone prove* [*his*] *case by clear and positive proof*." (Emphasis added.) The plaintiff never sought clarification of this statement. The court's statement is ambiguous as to whether it found that the plaintiff had failed to meet his burden of proof with respect to one, multiple or all elements of his adverse possession claim and why. It was the sole province of the court as the trier of fact to determine whether the evidence presented was believable and established adverse possession by clear and convincing proof, and we cannot substitute our own weighing of the evidence. In the face of ambiguity, we do not presume error but rather hold the appellant to his burden of establishing error requiring reversal. See *White* v. *Latimer Point Condominium Assn., Inc.*, supra, 191 Conn. App. 780–81. On the record presented, we are not convinced that the court erroneously found that the plaintiff had failed to prove his case by clear and convincing evidence.

IV

Finally, we address the plaintiff's claim that the court improperly failed to comply with § 47-31 (f) by not making findings regarding the precise nature of the parties' respective interests in the disputed parcel. We reject this claim.

Section 47-31 (f) provides in relevant part that a court hearing a quiet title action "shall hear the several claims and determine the rights of the parties . . . and render judgment determining the questions and disputes and quieting and settling the title to the property." See footnote 2 of this opinion. There is no express statutory requirement that, in order to quiet and settle a title dispute, a court must always set forth with any particular degree of specificity each party's legal interest in the disputed property. The court is only required to affirmatively adjudicate the disputes of the parties as they have been presented to the court and on the basis of the evidence presented. See *Marquis* v. *Drost,* 155 Conn. 327, 333–34, 231 A.2d 527 (1967). We are convinced that the court met that standard here.

In particular, our review of the transcript of the hearing on the motion for articulation leads us to conclude that the court properly determined that the evidence before it was insufficient to determine anything more than that the plaintiff had failed to meet his burden of demonstrating that the existing title to the back parcel had changed as a result of the plaintiff's use or possession. Under these circumstances, we are not convinced that the court failed to comply with the requirements of § 47-31 (f) by affirmatively adjudicating the adverse possession claim of the plaintiff in favor of the defendant and expressly finding that the "state of the title shall remain as is."

The judgment is affirmed.

In this opinion the other judges concurred.