******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN VIVO III *v.* COMMISSIONER
OF CORRECTION
(AC 47144)

Elgo, Clark and Prescott, Js.

*Syllabus*

The petitioner, who previously had been convicted of, inter alia, murder, appealed following the denial of his petition for certification to appeal from the judgment of the habeas court denying in part his petition for a writ of habeas corpus. He claimed, inter alia, that the court abused its discretion by denying his petition for certification to appeal. *Held*:

The habeas court did not abuse its discretion in denying the petitioner certification to appeal, as the petitioner failed to show that his claim involved issues that were debatable among jurists of reason, that a court could resolve them in a different manner or that they were adequate to deserve encouragement to proceed further.

The habeas court properly concluded that the petitioner's second habeas counsel did not render ineffective assistance by failing to raise a claim that the petitioner's trial counsel failed to adequately advise him regarding the state's plea offers, as the petitioner failed to demonstrate that the habeas court used an incorrect legal standard in its analysis of the question of whether he was prejudiced by the assumed deficient performance of trial counsel.

Argued March 27—officially released June 3, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Bhatt, J.*; judgment dismissing in part and denying in part the petition; thereafter, the court, *Bhatt, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Naomi T. Fetterman*, assigned counsel, for the appellant (petitioner).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *Joseph T.*

*Corradino,* state's attorney, and *Jonathan R. For-michella,* deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PRESCOTT, J. The petitioner, John Vivo III, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying in part, dismissing in part, and granting in part his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion by denying his petition for certification to appeal and that the court improperly concluded that his second habeas counsel did not render ineffective assistance by failing to raise a claim that his trial counsel failed to adequately advise him regarding the state's plea offers. We conclude that the habeas court properly denied the petition for certification to appeal and, therefore, dismiss this appeal.

The petitioner's underlying criminal conviction stems from events that took place on the evening of February 23, 1994, and were described by our Supreme Court as follows: "Yolanda Martinez and William Terron were crossing a courtyard at the Evergreen Apartments in Bridgeport when the [petitioner] and two other persons, armed with semiautomatic weapons, ran up to them. Martinez identified the two others as Joel Rodriguez and Eric Floyd. The [petitioner] pulled Terron near a fence where he shot Terron ten times, killing him. At the same time, Rodriguez shot Martinez in the hand and in the upper right arm, before he and Floyd ran to a nearby car. The [petitioner] then ran over to where Martinez lay on the ground and shot her in the legs three times. The [petitioner] thereafter joined the others, and they fled in a car." *State* v. *Vivo,* 241 Conn. 665, 667, 697 A.2d 1130 (1997). The petitioner's first trial ended in a mistrial. Following a second jury trial, the petitioner

was convicted of murder in violation of General Statutes § 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and commission of class A and class B felonies with a firearm in violation of General Statutes § 53-202k. The court, *Gormley, J.,* sentenced the petitioner to sixty years of incarceration for murder, ten years of incarceration for assault in the first degree, and five years of incarceration for the commission of class A and class B felonies with a firearm, which sentences were ordered to run consecutively for a total effective term of seventy-five years. His conviction was affirmed on direct appeal.[1] See id.

The petitioner subsequently filed a petition for a writ of habeas corpus that was denied by the habeas court, *Hon. Richard M. Rittenband*, judge trial referee. On appeal, this court reversed the judgment only as to the petitioner's conviction under § 53-202k, reasoning that, "[a]lthough the petitioner's total effective sentence was proper, the judgment must be modified to reflect the fact that § 53-202k does not constitute a separate offense." *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 177, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005). It therefore remanded the case with direction to vacate that conviction and to resentence the petitioner to a total effective term of seventy-five years of incarceration. See id.

The petitioner also filed a second petition for a writ of habeas corpus. The habeas court, *Schuman, J.,* denied the petition, and the appeal from that denial was dismissed. See *Vivo* v. *Commissioner of Correction*, 115 Conn. App. 901, 971 A.2d 97, cert. denied, 293 Conn. 903, 975 A.2d 1279 (2009).

The petitioner filed a motion to correct an illegal sentence arguing that his seventy-five year sentence

[1] The petitioner's direct appeal was transferred from this court to our Supreme Court.

was illegal. The court, *Devlin, J.*, denied the motion in part, vacated the conviction under § 53-202k,[2] and resentenced the petitioner to sixty years of incarceration on the murder conviction and ten years on the assault conviction, enhanced to fifteen years pursuant to § 53-202k, to run consecutively to the sentence on the murder conviction, for a total effective sentence of seventy-five years of incarceration. See *State* v. *Vivo*, Superior Court, judicial district of Fairfield, Docket No. CR-94-95080 (July 29, 2011). The judgment was affirmed on appeal. See *State* v. *Vivo*, 147 Conn. App. 414, 418, 81 A.3d 1241 (2013), cert. denied, 314 Conn. 901, 99 A.3d 1170 (2014), cert. denied, 574 U.S. 1126, 135 S. Ct. 1164, 190 L. Ed. 2d 920 (2015). The petitioner filed a second motion to correct an illegal sentence, which was denied by the court, *Devlin, J.*, and that denial was affirmed on appeal. See *State* v. *Vivo*, 179 Conn. App. 906, 176 A.3d 1261, cert. denied, 328 Conn. 939, 184 A.3d 759, cert. denied, 586 U.S. 929, 139 S. Ct. 349, 202 L. Ed. 2d 246 (2018). The petitioner thereafter filed a third motion to correct an illegal sentence, which the court, *Devlin, J.*, dismissed for lack of subject matter jurisdiction, and this court subsequently affirmed that dismissal on appeal. See *State* v. *Vivo*, 197 Conn. App. 363, 372, 231 A.3d 1255 (2020).

On February 15, 2013, the petitioner filed a subsequent petition for a writ of habeas corpus. In his 2022 revised amended petition, he claimed, inter alia, that his trial counsel, Attorney Dante Gallucci, rendered

[2] In that motion, the petitioner claimed that he was never resentenced following the resolution of the first habeas appeal. In response, Judge Devlin stated that, following the remand, the habeas court, *Bryant, J.*, had resentenced the petitioner to a total effective sentence of seventy-five years of incarceration but that it did not appear that the judgment mittimus was modified to reflect the vacated conviction. Judge Devlin assumed, without deciding, that this resentencing was insufficient, scheduled a resentencing hearing, vacated the § 53-202k conviction, and sentenced the petitioner to a total effective sentence of seventy-five years of incarceration.

ineffective assistance by failing to adequately advise him regarding certain plea offers. Specifically, he contended that, under the circumstances of this case, his trial counsel had an affirmative obligation to advise him to accept the plea offers. See *Maia* v. *Commissioner of Correction*, 347 Conn. 449, 472–73, 298 A.3d 588 (2023) (explaining that it constitutes deficient performance for "counsel to fail to recommend that a client accept a plea offer if, after considering the circumstances of the case, he believes that a conviction is virtually inevitable and the attendant sentence will likely substantially exceed the pending offer"). The petitioner also alleged that Attorney Sean Crowshaw and Attorney Arnold Amore, who represented him at the time of his first and second habeas petitions, respectively, were ineffective for failing to adequately pursue claims that, inter alia, the petitioner had received ineffective assistance of trial counsel with respect to the plea offers.

At the start of the habeas trial, the parties stipulated that, sometime between April, 1994, and May, 1995, the state made a plea offer to the petitioner pursuant to which he would plead guilty to the charge of murder and receive a sentence of forty-five years of incarceration and that, in or around June, 1995, the state made another plea offer pursuant to which the petitioner would plead guilty to the charge of murder and receive a sentence of forty years of incarceration. The court, *Bhatt, J.*, denied the petition as to the petitioner's claim that his second habeas counsel rendered ineffective assistance of counsel relating to the plea offers.[3] The court stated that the petitioner's trial counsel, Gallucci,

---

[3] The court dismissed as being barred by res judicata counts one through four of the habeas petition, which claimed ineffective assistance of trial counsel, appellate counsel, and first habeas counsel.

The court agreed with the petitioner's claim that his second habeas counsel was ineffective in connection with his sentence enhancement under § 53-202k, granted the petition in part as to that claim, and ordered the trial court to conduct further sentencing proceedings.

"adequately conveyed the forty-five and forty year offers to [the petitioner], explaining to him the state's case, the maximum penalties, and his opinion on the outcome of the trial. He left it up to [the petitioner] to make the final decision. There is no deficient performance. [The petitioner] also cannot prove prejudice because the evidence establishes that [he] would not have accepted any offer that involved a plea to the charge of murder. The state was not coming off murder. This is further supported by [Crowshaw's] testimony that, based on his conversations with [the petitioner], he believed [the petitioner] did not want an offer and instead wanted to go to trial. There is also no evidence that there actually was a twenty-five or thirty year offer. [Gallucci] testified that he suggested thirty years to see what number [the petitioner] would take and that it was not an actual offer made by the state or the court. [Former Senior Assistant State's Attorney C. Robert] Satti [Jr.] did not recall making any such offer before the retrial. The court credits their testimony. Thus, [the petitioner] cannot prove deficient performance as to any prior counsel and he cannot prove prejudice." The petitioner filed a petition for certification to appeal, which the court denied. This appeal followed.

We begin with the following standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the [denial] of his petition for [a writ of] habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification [to appeal] constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that

the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Baltas* v. *Commissioner of Correction*, 210 Conn. App. 167, 171–72, 269 A.3d 957, cert. denied, 342 Conn. 911, 271 A.3d 1039 (2022). We, therefore, consider the merits of the petitioner's underlying claim, which is that the habeas court erred when it concluded that his second habeas counsel did not render ineffective assistance by failing to raise a claim that trial counsel failed to adequately advise him regarding the state's plea offers.

"To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test set forth in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], by demonstrating that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . .

"[T]o satisfy the prejudice prong of the *Strickland* test when the ineffective advice of counsel has led a defendant to reject a plea offer, the habeas petitioner

must show [1] that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. . . . These factors focus on whether counsel's constitutionally ineffective performance affected the outcome of the plea process . . . and the ultimate conviction or sentence imposed. . . .

"The ultimate question of whether a habeas petitioner's sixth amendment rights have been violated is a mixed determination of law and fact that requires the application of legal principles to the historical facts of [the] case. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard. . . . In the context of rejected plea offers, however, the specific underlying question of whether there was a reasonable probability that a habeas petitioner would have accepted a plea offer but for the deficient performance of counsel is one of fact, which will not be disturbed on appeal unless clearly erroneous." (Citations omitted; internal quotation marks omitted.) *Barlow* v. *Commissioner of Correction*, 343 Conn. 347, 355–57, 273 A.3d 680 (2022).

"[A] petitioner claiming ineffective assistance of habeas counsel on the basis of ineffective assistance of [trial] counsel must essentially satisfy *Strickland* twice: he must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his [trial] counsel was ineffective. . . . We have characterized this burden as presenting a herculean task . . . ." (Citation omitted; internal quotation marks omitted.) *Mukhtaar* v. *Commissioner of Correction*, 158 Conn. App. 431,

439, 119 A.3d 607 (2015). Accordingly, in order to prevail on his claim, the petitioner must satisfy *Strickland* as to his trial counsel, his first habeas counsel, and his second habeas counsel.

On appeal, we need not address both prongs of *Strickland.* See *Soto* v. *Commissioner of Correction*, 215 Conn. App. 113, 120, 281 A.3d 1189 (2022) ("[t]he petitioner's failure to prove either [the performance prong or the prejudice prong] is fatal to a habeas petition" (internal quotation marks omitted)). Because we conclude that the petitioner failed to establish that the habeas court improperly determined that the petitioner had not proven prejudice, we limit our focus to that prong.

The petitioner argues that the court improperly analyzed the prejudice prong. Specifically, he contends that the court improperly failed to assume for purposes of deciding the prejudice prong that trial counsel's performance was constitutionally deficient because he was obligated to advise the petitioner to accept the plea offers but failed to do so. In other words, the petitioner argues that the habeas court's prejudice determination was flawed because the "question [was] not whether, independently, [the petitioner] was prepared to accept an offer that involved a plea to the charge of murder, but rather, had [Gallucci] advised [the petitioner that he should accept the plea offer], whether . . . [the petitioner] would have accepted the plea offer." We are not persuaded by this claim because we do not construe the court's memorandum of decision in the same manner as the petitioner.

The petitioner's claim that the court applied an incorrect legal standard requires us to interpret the decision rendered by the court. A question of whether a court used a proper standard and our interpretation of the court's decision are questions over which we employ

plenary review. See *Thoma* v. *Watson*, 228 Conn. App. 537, 555, 325 A.3d 955 (2024).

The court stated the correct standard. Quoting *Lafler* v. *Cooper*, 566 U.S. 156, 164, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), it stated, inter alia, that to satisfy the prejudice prong of the *Strickland* test when the ineffective advice of counsel has led to the rejection of a plea offer, a habeas petitioner must show that but for the ineffective advice of counsel there is a reasonable probability that he would have accepted the plea. The court did not repeat this standard when analyzing the prejudice prong. The court's findings that the petitioner "would not have accepted any offer that involved a plea to the charge of murder" and that "[t]he state was not coming off murder" persuades us that the court considered the proper standard when reaching its decision regarding prejudice. The court makes clear from its findings that because the petitioner did not want to plead guilty to murder, and because the state was not willing to extend a plea offer that did not require the petitioner to plead guilty to the charge of murder, the petitioner would not have accepted *any* plea deal that the state was willing to offer, even if his trial counsel had recommended to him that he should accept the state's plea offers.

Even if, however, we assume that the court's analysis was ambiguous, it is the burden of the petitioner to show that the court applied an improper standard. See, e.g., *Blumenthal* v. *Kimber Mfg., Inc.*, 265 Conn. 1, 9, 826 A.2d 1088 (2003). The petitioner did not request an articulation pursuant to Practice Book § 66-5 and has not pointed to anything in the court's decision, nor have we found anything, to suggest that the court applied an improper standard. "In the absence of any evidence that the court engaged in an improper legal analysis, we presume that the court knew the law and applied it correctly." *Roberto A.* v. *Commissioner of Correction*,

229 Conn. App. 104, 118, 325 A.3d 1192, cert. denied, 350 Conn. 935, 327 A.3d 384 (2024).

The court's findings regarding the petitioner's unwillingness to accept an offer that would have required him to plead guilty to the charge of murder and the state's unwillingness to extend a plea offer that would not have required the petitioner to plead guilty to the charge of murder are supported by the record. At the habeas trial, the petitioner's trial counsel, Gallucci, testified that "this was never a discussion about years. [The petitioner] didn't want to plead to anything. He never wanted to plead to anything. His position was he was innocent. That wasn't him. He had an alibi." He further testified that he asked the petitioner, "Would you plead for thirty years? And he was adamant that he did not want to plead to a homicide. . . . [H]e rejected the whole idea of pleading to a homicide" but "the state was adamant that they would never come off murder." Crowshaw, the petitioner's first habeas counsel, testified that the petitioner had told him that he did not want to accept a plea offer at his first criminal trial or, after the mistrial, at his second criminal trial.

The testimony of Gallucci and Crowshaw supports a factual determination by the habeas court that the petitioner had insisted he was innocent, that he was adamant about not pleading guilty to a murder charge, that the state was not willing to offer a deal that did not require him to plead guilty to the charge of murder and, therefore, that the petitioner was not willing to accept the plea offers made by the state under any circumstances. These findings are immutable regardless of whether his trial counsel had recommended that he accept the plea offer.

Indeed, the court credited the testimony of Gallucci and Crowshaw. See *Taylor* v. *Commissioner of Correction*, 324 Conn. 631, 637, 153 A.3d 1264 (2017) (habeas

court is sole arbiter of credibility of witnesses and weight to be given to their testimony). The court did not credit the petitioner's testimony that he would have accepted the forty or forty-five year plea offers if Gallucci had advised him to accept the plea offers. "This court does not retry the case or evaluate the credibility of the witnesses." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 141 Conn. App. 626, 632, 62 A.3d 554, cert. denied, 308 Conn. 947, 67 A.3d 290 (2013).

Accordingly, because the petitioner has failed to demonstrate that the habeas court improperly analyzed the question of whether he was prejudiced by the assumed deficient performance of counsel, we conclude that the court properly determined that he failed to establish that his trial counsel rendered ineffective assistance of counsel. Because the petitioner has not established that his trial counsel was ineffective, he also cannot establish that his first or second habeas counsel rendered ineffective assistance by failing to raise claims relating to counsel's advice about the state's plea offers.

On the basis of the record, the petitioner's appellate claim is not debatable among jurists of reason, a court could not resolve the issue in a different manner, and the question does not deserve encouragement to proceed further. Accordingly, we conclude that the court did not abuse its discretion by denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.